**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 19-cv-01245- PAB-NYW

ANTONIO MARTINEZ,

    Plaintiff,

v.

COLORADO DEPARTMENT OF CORRECTIONS,
CORRECTIONAL HEALTHCARE SERVICES,
MRS. BUFMACK,
SGT. SCHWAB,
SGT. MASSEY,
SGT. GOSS,
LT. LONDON,
OFFICER HARRINGTON,
OFFICER FRAZIER,
HSA ANDERSON,
MRS. GARCIA,
and JOHN DOES 1-8,
    Defendants.

---

**DEFENDANTS' OBJECTION TO PLAINTIFF'S MOTION TO APPOINT MEDICAL EXPERT [59]**

-------

Defendants, Colorado Department of Corrections ("CDOC"), Mrs. Bufmack ("Bufmack"), Sgt. Schwab ("Schwab"), Sgt. Massey ("Massey"), Sgt. Goss ("Goss"), Lt. London ("London"), Officer Harrington, ("Harrington), Officer Frazier, ("Frazier"), HSA Anderson ("Anderson), and Mrs. Garcia ("Garcia") (collectively "Defendants") through counsel, the Colorado Attorney General, submit their Response to Plaintiff's Motion to Appoint Expert Witness [Doc. # 59].

## INTRODUCTION

Plaintiff brought this action alleging violation of his Eighth Amendment rights, the Americans with Disabilities Act and other federal statutes. Plaintiff contends Defendants denied and/or delayed in providing medical care for his diabetes and denied accommodations arising from the diabetes.

Defendants filed a Motion to Dismiss Amended Complaint [Doc.# 6] based on a number of arguments including Plaintiff's failure to exhaust administrative remedies and qualified immunity. Plaintiff has responded to Defendants' motion. Defendants' Reply in Support of Motion to Dismiss is due November 14, 2019.  The Court granted Defendants' Motion to Stay Discovery pending resolution of their Motion to Dismiss [Doc. #56]. *See,* Doc. 38.

On October 30, 2019, Plaintiff filed a Motion to Appoint Expert Witness pursuant to Fed. R. Evid. 706(a) [Doc.# 59] in which Plaintiff requests that the Court appoint an expert witness to examine Plaintiff's medical records to determine whether Defendants negligently and/or recklessly failed to control Plaintiff's diabetes and to assist him in the prosecution of his case. *See* Doc. #59, p. 2.  Plaintiff does not seek a full independent medical examination. *Id.* Plaintiff asserts the appointment of an expert will  corroborate his claims; aid him in obtaining private legal counsel; and  opine on the standard of care and how Defendants "deviated [from] the standard of care…" at trial. *See* Doc. # 59 p. 2.  In support of his request, Plaintiff also alleges that two physicians who treated him for his diabetes previously opined that Plaintiff was not receiving proper care. *See,* Doc. #59 p.4-5. Plaintiff contends the cost of the expert should be borne by the Defendants.  *See*, Doc. #59 p. 3.  In summary, Plaintiff claims the issues surrounding the treatment for his diabetes which includes the selection of medication,

consideration of their counteractive properties and the need to establish the standard of care all warrant the appointment of an expert. Plaintiff does not identify the specialty of the medical expert he requests be appointed.

## ARGUMENT

Expert testimony must "help the trier of fact to understand the evidence understand the evidence or to determine a fact in issue." F.R.E. 702(a). One of the most important questions a court must consider when deciding whether to appoint a neutral expert is whether doing so will promote accurate fact finding. *Gorton v. Todd,* 793 D. Supp. 2d 1171, 1179 (E.D. CA 2011). Expert witnesses should not be appointed under Rule 706 where not necessary or significantly useful for the trier of fact to comprehend a material issue in the case… there must be some evidence that demonstrates a serious dispute that could be resolved or understood through expert testimony" in order to justify the appointment of an expert pursuant to the rule. *McKinney v. Anderson,* 924, 1500, 1511 (9th Cir. 1991).

Fed. R. Evid. 706(a) provides that a court may "on its own motion or on the motion of any party enter an order to show cause why expert witnesses should not be appointed." In civil cases, the Court has discretion to appoint an expert witness. *Oklahoma Nat. Gas Co., a Div. of ONEOK v. Mahan & Rowsey, Inc.*, 786 F.2d 1004, 1007 (10th Cir. 1986). Plaintiff does not contend the expert is necessary to advise the court. Rather Plaintiff seeks the expert to serve as an advocate for him and testify at trial that the Defendants have failed to provide reasonable medical care for his diabetes. *See,* Doc #59, p.3.

**I.      Plaintiff failed to demonstrate the requisite complexity necessary for the appointment of a medical expert witness.**

A court-appointed expert is proper when expert testimony is necessary to assist the court

in assisting the trier of fact in evaluating complex evidence. *See, Walker v. Am. Home Shield Long Term Disability Plan,* 180 F.3d 1065, 1071 (9th Cir.1999) (independent expert appointed to assist in evaluating evidence of elusive disease); *McKinney v. Anderson*, 924 F.2d at 1510-11 (court exercised discretion to appoint expert involving complex scientific issues), vacated on other grounds, *Helling v. McKinney*, 502 U.S. 903,(1991). Appointing an expert under Rule 706 "should be reserved for truly extraordinary cases where the introduction of outside skills and expertise, not possessed by the judge, will hasten the just adjudication of a dispute without dislodging the delicate balance of the juristic role." *Reilly v. United States*, 863 F. 2d 149, 156 (1st Cir. 1988). The fact that a plaintiff's claims may require expert testimony alone does not establish that the issues are so complex as to necessitate the appointment of a medical expert. *See*, *Safe Streets All. v. Alternative Holistic Healing, LLC,* No. 15-CV-00349-REB-SKC, 2018 WL 3861156, at *3 (D. Colo. Aug. 14, 2018) ("Although Fed.R.Evid.706 allows the court to appoint its own expert, that discretionary authority is reserved for exceptional cases that present unwieldy, complex or technical issues or when there is a need for an impartial, independent assessment of a disputed issue (internal quotation marks omitted), and this is not the same as requiring a separate expert to assist the court in weighing other expert opinions").

This case does not involve a high level of complexity necessitating the appointment of an expert to assist the court in deciding the case. Plaintiff alleges he has diabetes and that the medications the facility is providing are not the correct dose and/or type to regulate his blood sugars. He also claims that his "uncontrolled diabetes" resulted in two heart attacks. The determination of liability in this case will involve garden variety causation issues which are well within the capacity of the court to understand. An outside expert will not be necessary in order

4

for the court to weigh the testimony of medical professionals that may be called to testify at trial.

## II. The court may only appoint neutral experts to aid the factfinder.

Rule 706 allows the court to appoint only neutral expert witnesses, to better aid the trier of fact; it does not authorize the court to appoint an expert witness "for the purpose of assisting a litigating party." *Carranza v. Fraas*, 763 F.Supp.2d 113, 119 (D.C.Cir. 2011).  Indeed, "[t]he appointment of an expert pursuant to Rule 706 is not intended to further partisan interests of any party, but to aid the Court, through the services of an impartial expert in its assessment of technical issues." *Duran v. Curry Cnty. Adult Det. Ctrl*, No. 09-CV-0758 MCA/SMV, 2013 WL 12172042 at *11 (D.N.M. Aug. 30, 2013) (internal quotation marks omitted).  The Court has no authority to find and hire an expert to assist Plaintiff in making his case. See, *Patel v. United States*, No. 09-6299, 399 Fed. Appx. 355, 359 (10th Cir. Oct. 19, 2010).  Here, there can be no dispute that Plaintiff seeks an expert for his own advocacy, not merely to educate the trier of fact.

## III. Plaintiff Has Not Demonstrated that Defendants Should Bear the Cost of His Expert.

Rule 706(c)(2) places the cost of compensating the court-appointed expert on the parties. The right of access to the courts does not extend to provide witness fees for a witness an in *forma pauperis* prisoner claims to be essential to his case. *Johnson v. Hubbard,* 698 F.2d 286, 288–90 (6th Cir.1983).  Plaintiff asserts that since he is an indigent prisoner the Defendants should pay the cost of the expert.  Plaintiff's circumstances regarding indigency are standard for most inmates. The plain language of 28 U.S.C. § 1915 "does not provide for the appointment of expert witnesses to aid an indigent litigant." *Pedraza v. Jones*, 71 F.3d 194, 196 (5th Cir. 1995).

Moreover, the expenditure of public funds on behalf of an indigent litigant is proper in only very limited circumstances.  *See, United States v. MacCollom*, 426 U.S. 317, 321 (1976)

(public funds may only be expended on indigent litigants when authorized by Congress).

As the court stated in *Boring v. Kozakiewicz*, 833 F.2d.468, 474 3d Cir. 1987) in affirming the district court's refusal to appoint an expert at government expense in a similar case:

> The plaintiffs' [former pretrial detainees] dilemma in being unable to proceed in this damage suit because of the inability to pay for expert witnesses does not differ from that of non-prisoner claimants who face similar problems ... By seeking government funding in this case, plaintiffs are in effect asking for better treatment than their fellow-citizens who have not been incarcerated but who have at least equal claims for damages.

*Cited in Custard v. Osagie*, CIVA 06-cv-01114-WYD-CBS, 2008 WL 4838565*1 (D. Colo. Nov. 6, 2008).

Plaintiff's indigency does not justify the appointment of an expert to assist him in the prosecution of his case. Similar claims have been squarely rejected in this District. *Cf. Custard v. Osagie*, No. CIVA 06-cv-00114-WYD-CBS, 2008 WL 4838565, at *1 (D. Colo. Nov. 6, 2008) ("The right of access to the courts does not extend to provide witness fees for a witness an in *forma pauperi*s prisoner claims to be essential to his case").

Plaintiff cites a few cases that he contends support the proposition that the Court has authority to order Defendants to pay and arrange for an independent doctor to review his medical records. See, Doc. #59 p. 4. These cases are inapplicable. In *Hodges v. Keane*, 145 F.R.D. 332, 333-34 (S.D. N.Y. 1993), the defendant was ordered to pay for the cost of a psychiatric examination in conjunction with the defendants' request for a psychiatric examination per Fed.R.Civ.P. 35(a). In that case, the defendants asserted that the inmate plaintiff's allegations were the product of delusions caused by paranoid schizophrenia. *Id*. The examination and mental health expert were ordered to address this highly unusual, unique circumstance in which

the plaintiff was alleged to be an unreliable narrator due to mental illness. *Id*. There are no such circumstances here. In *Christy v. Robinson*, 216 F.Supp.2d. 398 (D. N.J., 2002), the appointment of a medical expert was discussed in dicta, in which the court noted authority for appointing an expert in circumstances in which critical medical records had been lost/were missing. While the court noted that experts had previously been appointed to the plaintiff in the absence of those particular circumstances, this observation was made in the context of evaluating the plaintiff's request for the appointment of counsel -- the decision offers little explanation as to the basis for appointing experts in that case, and thus offers little persuasive value here.

Further, in this case, discovery is currently stayed pending a decision on Defendant's Motion to Dismiss. Defendants are not seeking any examinations per Fed. R. Civ. P. 35 and the parties are not engaged in discovery. Therefore, Plaintiff's request is dissimilar to the cases upon which he relies, and, at the very least, premature.

## CONCLUSION

Plaintiff has failed to demonstrate that the case is so complex that appointment of a neutral expert is necessary to assist the court. He is not permitted to have an expert appointed to support his claims. Moreover, Plaintiff cannot show that requiring Defendants to bear the cost of his expert is warranted. Accordingly, Defendants request that the Court deny Plaintiff's Motion [Doc. #59]

Respectfully submitted this 6th day of November 2019.

PHILIP J. WEISER
Attorney General

*/Cheryl A. Martin*

CHERYL A. MARTIN *
Assistant Attorney General
Civil Litigation and Employment Law
   Section
Attorneys for Defendant
Ralph L. Carr Colorado Judicial Center
1300 Broadway, 10th Floor
Denver, Colorado  80203
Telephone:  720-508-6641
FAX:  720-508-6032
E-Mail: cheryl.martin@coag.gov

*Counsel of Record

CERTIFICATE OF SERVICE

I hereby certify that on this ____ day of November 2019, I mailed or served the foregoing document or paper to the following non-CM/ECF participants in the manner (mail, hand-delivery, etc.) indicated by the non-participant's name:

<u>U.S. Mail</u>
Antonio Martinez, #146023
Colorado Territorial Correctional Facility (CTCF)
P.O. Box 1010
Canon City, CO  81215-1010


           */ Judy M. Ciddio*
3