IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 19-cv-01245-PAB-NYW

ANTONIO MARTINEZ,

    Plaintiff,

v.

COLORADO DEPARTMENT OF CORRECTIONS,
CORRECTIONAL HEALTHCARE SERVICES,
MRS. BUFMACK,
SGT. SCHWAB,
SGT. MASSEY,
SGT. GOSS,
LT. LONDON,
OFFICER HARRINGTON
OFFICER FRAZIER,
HSA ANDERSON,
MRS. GARCIA, and
JOHN DOES 1-8,

    Defendants.

## ORDER

Magistrate Judge Nina Y. Wang

This matter comes before this court on the following two motions filed by Plaintiff Antonio Martinez ("Plaintiff" or "Mr. Martinez") on October 29, 2019:

    (1)    Motion to Strike and Amend, [#58]; and

    (2)    Motion to Appoint Medical Expert, [#59].

The presiding judge, the Honorable Philip A. Brimmer, referred the Motions to the undersigned pursuant to 28 U.S.C. § 636(b) and the Memorandum dated October 30, 2019 [#60]. Having reviewed the Motions and associated briefing, applicable case law, and entire docket, this court

**CONSTRUES** the Motion to Strike and Amend as a Notice of filing an amended pleading pursuant to D.C.COLO.LCivR 15.1(a) and **DENIES** the Motion to Appoint Medical Expert.

## BACKGROUND

Plaintiff initiated this action by filing his pro se[1] prisoner Complaint on April 29, 2019, alleging violations of his constitutional rights as well as violations of his federal and state statutory rights against the Colorado Department of Corrections ("CDOC") and various CDOC employees for allegedly providing inadequate treatment for Plaintiff's rare form of Type II Diabetes that makes him insulin resistant. *See generally* [#1]. The Honorable Gordon P. Gallagher granted Plaintiff leave to proceed *in forma pauperis* and ordered Plaintiff to file an Amended Complaint. [#5; #7]. Upon filing an Amended Complaint, Magistrate Judge Gallagher ordered the case drawn to the undersigned, *see* [#10], but upon the Parties non-consent, the court drew this matter to Chief Judge Brimmer, who then referred the matter to the undersigned, *see* [#26; #28].

In the operative Amended Complaint, Mr. Martinez asserts claims for: (1) violations of the Americans with Disabilities Act ("ADA") and Rehabilitation Act ("RA"), violations of the Civil Rights for Institutionalized Persons Act ("CRIPA"), violations of the Colorado Montez Act ("Montez Act"), violations of the due process clauses of the United States and Colorado Constitutions, violations of the Eighth Amendment of the United States Constitution, and "for state law violations of negligence, malpractice, intentional infliction of emotional distress, and for state liability under respondeat superior"; (2) failure to accommodate under the ADA, RA, CRIPA, Montez Act, and art. II, § 25 of the Colorado Constitution; (3) deliberate indifference to Plaintiff's

---

[1] Because Mr. Martinez proceeds pro se, this court affords his papers and filings a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). But the court cannot and does not act as his advocate, *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991), and applies the same procedural rules and substantive law to Plaintiff as to a represented party, *see Murray v. City of Tahlequah*, 312 F.3d 1196, 1199 n.2 (10th Cir. 2008); *Dodson v. Bd. of Cty. Comm'rs*, 878 F. Supp. 2d 1227, 1236 (D. Colo. 2012).

Eighth and Fourteenth Amendment rights under the United States Constitution; (4) negligence and malpractice; (5) intentional infliction of emotional distress; and (6) respondeat superior. *See generally* [#6]. Following service and an extension of time to answer or respond to the Amended Complaint, *see* [#13; #30], Defendants the Colorado Department of Corrections ("CDOC"), Mrs. Bufmack, Sgt. Schwab, Sgt. Massey, Sgt. Goss, Lt. London, Officer Harrington, Officer Frazier, HAS Anderson, and Mrs. Garcia's (collectively, "CDOC Defendants") filed their Motion to Dismiss Plaintiff's Amended Complaint [Doc. No. 6] Pursuant to Fed. R. Civ. P. 12(b)(1) and (6) (the "Motion to Dismiss") on September 13, 2019. [#36].[2]

The CDOC Defendants then filed their Motion to Stay on September 18, 2019, arguing the court should stay all discovery in this matter pending its resolution of the Motion to Dismiss because Defendants assert the defense of qualified immunity and the interests of judicial economy favor a stay. [#39]. The Parties appeared before the undersigned for a Status Conference on September 23, 2019, at which this court set a deadline for Plaintiff to respond to the Motion to Dismiss and Motion to Stay as October 18, 2019 and set this matter for a further Status Conference on December 18, 2019. *See* [#41]. Plaintiff filed his Response in opposition to the Motion to Stay, but this court granted the Motion to Stay, thereby staying all discovery until the court rules on the pending Motion to Dismiss, on October 28, 2019. *See* [#56].

On October 29, 2019, Plaintiff filed the instant two Motions. *See* [#58; #59]. The undersigned directed the CDOC Defendants to file any Responses to the Motions no later than November 6, 2019 and prohibited any replies absent leave of the court. *See* [#61]. The CDOC Defendants have since responded in opposition to the Motion to Appoint Medical Expert, *see*

---

[2] Chief Judge Brimmer has referred the Motion to Dismiss to the undersigned Magistrate Judge for recommendation, and this court will issue a Recommendation on the Motion to Dismiss at a later date.

[#62], but did not respond to the Motion to Strike and Amend. Neither Party has sought leave to file any additional briefing, and thus this court concludes that the Motions are appropriate for disposition currently. *See* D.C.COLO.LCivR 7.1(d).

## ANALYSIS

**I.    The Motion to Strike and Amend**

Rule 15(a)(2) of the Federal Rules of Civil Procedure governs the instant Motion to Strike and Amend, given that this court has not set a deadline by which to amend pleading, and provides that leave to amend "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a)(2). The court may refuse leave to amend upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment. *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993). The District's Local Rule of Civil Practice 15.1(a) also contemplates that a party may file an amended pleading with the consent of the opposing party. D.C.COLO.LCivR 15.1(a). Whether to allow amendment is within the trial court's discretion. *Burks v. Oklahoma Publ'g Co.*, 81 F.3d 975, 978-79 (10th Cir. 1996).

Mr. Martinez requests leave to strike Defendant Correctional Healthcare Services from his Amended Complaint and to amend the case caption to reflect the correct entity as Correctional Health Partners, LLC. *See* [#58 at 1-2]. Plaintiff also requests leave to amend to add Jackson & Coker Medical Group and Officer Maldonado as Defendants, because Jackson & Coker Medical Group is another entity used for medical services by the Colorado Department of Corrections, *see* [#48], and Officer "Maldonado had claims stated against her specifically in the Amended Complaint" but was left off the caption of the Amended Complaint, though she was named in the original Complaint. *See* [#58 at 2-3]. This court directed the CDOC Defendants to respond to the

Motion to Strike and Amend by November 6, 2019. *See* [#61]. Though responding to the Motion to Appoint Medical Expert, CDOC Defendants have not responded to the Motion to Strike and Amend.

Accordingly, I deem the Motion to Strike and Amend unopposed, and thus I **CONSTRUE** it as a Notice of filing an amended pleading pursuant to D.C.COLO.LCivR 15.1(a). Given the fact that Mr. Martinez is not amending the asserted claims, this court will not order the filing of a Second Amended Complaint. Rather, the operative Amended Verified Prisoner Complaint [#6] shall be interpreted to substitute Correctional Health Partners, LLC for Correctional Healthcare Services and to assert claims originally asserted against Correctional Healthcare Services against Correctional Health Partners, LLC and Jackson & Coker Medical Group. This will also permit the CDOC Defendants to proceed on their pending Motion to Dismiss [#36], as the claims asserted against them and the grounds for their Motion to Dismiss remain unchanged by the Motion to Strike and Amend.

**II.     The Motion to Appoint Medical Expert**

Rule 706 of the Federal Rules of Evidence provides, in pertinent part, "On a party's motion or on its own, the court may order the parties to show cause why expert witnesses should not be appointed and may ask the parties to submit nominations." Fed. R. Evid. 706(a). Rule 706, however, offers no explicit guidance as to when the court should appoint an expert. *See Nagim v. Equifax Info. Servs., LLC*, No. 09-CV-02428PABKLM, 2010 WL 466757, at *1 (D. Colo. Feb. 9, 2010). Rather, the decision to appoint an expert witness rests with the sound discretion of the district court. *See United States v. Sloan*, 65 F.3d 861, 864 (10th Cir. 1995). In certain, albeit rare, instances a court will appoint an expert to assist <u>the court</u> "in evaluating contradictory or complex evidence or issues." *McClendon v. City of Albuquerque*, No. 95 CV 024 JAP/ACT, 2015 WL

13667177, at *4 (D.N.M. Oct. 13, 2015). Indeed, invocation of Rule 706 "should be reserved for truly extraordinary cases where the introduction of outside skills and expertise, not possessed by the judge, will hasten the just adjudication of a dispute without dislodging the delicate balance of the juristic role." *Reilly v. United States*, 863 F.2d 149, 156 (1st Cir. 1988).

Mr. Martinez requests that the court appoint an expert pursuant to Rule 706 of the Federal Rules of Evidence, because the interests of justice support appointment of such an expert, Plaintiff is incarcerated and therefore cannot consult an outside medical source until he is released, the lack of an expert has hindered Plaintiff's ability to procure counsel, and the expert can assist the court in evaluating Plaintiff's medical records and offer expert opinion testimony that will be dispositive of Plaintiff's claims. *See* [#59]. In the alternative, Plaintiff requests that the court appoint him an attorney that can secure a medical expert;[3] that the court appoint him an expert that would only provide expert testimony on certain issues; or that the court appoint an expert to conduct an independent medical examination of Plaintiff. *See* [*id.*]. Mr. Martinez continues that because he is indigent, the cost of this expert should be borne by Defendants. *See* [*id.* at 5-6].

The CDOC Defendants oppose the Motion to Appoint Medical Expert, arguing that Mr. Martinez fails to demonstrate the factual complexity of his claims which renders the appointment of an expert necessary, but rather the determination of liability will "involve garden variety causation issues which are well within the capacity of the court to understand." [#62 at 4]. Next, the CDOC Defendants contend that what Mr. Martinez desires is not a neutral expert to assist the court but an expert who will assist Mr. Martinez's presentation of his claims. *See* [*id.* at 5]. Finally, the CDOC Defendants contend that Mr. Martinez fails to establish justification for placing the

---

[3] This court has twice denied Mr. Martinez's request for appointment of counsel, *see* [#31; #46], and nothing in the Motion to Appoint Medical Expert warrants further reconsideration of those Orders.

financial burden of retaining a court-appointed expert on Defendants. *See* [*id.* at 6-7]. I respectfully conclude that a court-appointed expert is unnecessary under the circumstances.

To start, I agree with the CDOC Defendants that Mr. Martinez fails to establish the requisite complexity of his claims, thereby requiring the use of a court-appointed expert to assist the court. Rather, at this stage, Plaintiff's claims appear straightforward: Plaintiff has received inadequate treatment for his rare form of Type II Diabetes that renders him insulin resistant. Indeed, Plaintiff contends in his Motion to Appoint Medical Expert that "two outside medical specialists . . . both gave opinion that [CDOC] is failing to treat the Plaintiff, is improperly treating him, is 'killin' him, that Plaintiff will lose limbs without proper case, and that he is not receiving the proper care[.]" [#59 at 3]. And while he may be correct that his claims depend on further expert testimony, this alone does not render the issues too complex for the court's comprehension, *see Safe Streets All. v. Alternative Holistic Healing, LLC*, No. 15-CV-00349-REB-SKC, 2018 WL 3861156, at *3 (D. Colo. Aug. 14, 2018) ("Although Fed. R. Evid. 706 allows the court to appoint its own expert, that discretionary authority is reserved for exceptional cases that present unwieldy, complex, or technical issues or when there is a need for an impartial, independent assessment of a disputed issue," (internal quotation marks omitted)), and this is not the same as requiring a separate expert to assist the court in weighing other expert opinions.[4]

In addition, Rule 706(c)(2) places the costs of compensating the court-appointed expert on the parties. Fed. R. Evid. 706(c)(2). Because Mr. Martinez proceeds *in forma pauperis*, either Defendants or the court itself would bear the cost of the court-appointed expert. But Mr. Martinez fails to justify why either option is necessary or appropriate under the circumstances. *Cf. Custard v. Osagie*, No. CIVA 06-cv-01114-WYD-CBS, 2008 WL 4838565, at *1 (D. Colo. Nov. 6, 2008)

---

[4] Nor does Mr. Martinez demonstrate the appropriateness of an Independent Medical Examination under Rule 35 of the Federal Rules of Civil Procedure.

("The right of access to the courts does not extend to provide witness fees for a witness an *in forma pauperis* prisoner claims to be essential to his case."). Indeed, "[t]he appointment of an expert pursuant to Rule 706 is not intended to further partisan interests of any party, but to aid the Court, through the services of an impartial expert in its assessment of technical issues." *Duran v. Curry Cnty. Adult Det. Ctr.*, No. 09-CV-0758 MCA/SMV, 2013 WL 12172042, at *11 (D.N.M. Aug. 30, 2013) (internal quotation marks omitted). The invocation of Rule 706 "should be reserved for truly extraordinary cases where the introduction of outside skills and expertise, not possessed by the judge, will hasten the just adjudication of a dispute without dislodging the delicate balance of the juristic role." *Reilly*, 863 F.2d at 156 (1st Cir. 1988). Thus, I decline to appoint a witness under Rule 706.

Based on the foregoing, I conclude that Plaintiff fails to establish the necessity of a court-appointed witness under Rule 706(a) of the Federal Rules of Evidence. Thus, I **DENY** the Motion to Appoint Expert.

## CONCLUSION

For the reasons stated herein, **IT IS ORDERED** that:

(1) Plaintiff's Motion to Strike and Amend [#58] is **CONSTRUED** as a Notice of filing an amended pleading pursuant to D.C.COLO.LCivR 15.1(a) and Defendants' consent;

(2) The Clerk of the Court shall **AMEND** the case caption to reflect that Correctional Health Partners, LLC is the correct name for Defendant Correctional Healthcare Services and to add as Defendants Jackson & Coker Medical Group and Officer Maldonado;

(3) The Clerk of the Court will **ISSUE** a Summons to Officer Maldonado to accompany the Amended Complaint [#6];

(4) The United States Marshals Service will **SERVE** a copy of the Summons and Amended Complaint [#6] on Officer Maldonado at the Colorado Territorial Correctional Facility (CTCF) P.O. Box 1010, Canon City, Co 81215-1010;[5]

(5) Defense counsel shall **FILE** a Status Report indicating the appropriate address for service of process on Jackson & Coker Medical Group, if known, **on or before November 14, 2019** to facilitate service on this entity and the United States Marshals Service will **SERVE** a copy of the Summons and Amended Complaint [#6] on this entity once the address is provided;

(6) Plaintiff's Motion to Appoint Medical Expert [#59] is **DENIED**; and

(7) A copy of this Order shall be sent to:

> ANTONIO MARTINEZ #146023
> COLORADO TERRITORIAL CORRECTIONAL FACILITY (CTCF)
> P.O. BOX 1010
> CANON CITY, CO 81215-1010

DATED: November 8, 2019

BY THE COURT:

_____
Nina Y. Wang
United States Magistrate Judge

---

[5] To the extent that this address is not correct for Officer Maldonado and defense counsel has knowledge of a different address for service, defense counsel is hereby **ORDERED** to **FILE** a Notice of the address at which the United States Marshals Service may effectuate service on Officer Maldonado **on or before November 14, 2019**. Out of an abundance of caution, defense counsel will file said information under Level 2 Restriction, though continued restriction may prove unnecessary. To the extent that the Colorado Territorial Correctional Facility is appropriate, defense counsel need not file any separate address.