IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 19-cv-01245-PAB-NYW

ANTONIO MARTINEZ,

    Plaintiff,

v.

COLORADO DEPARTMENT OF CORRECTIONS,
CORRECTIONAL HEALTHCARE PARTNERS, LLC,
JACKSON & COKER MEDICAL GROUP, LLC,
MRS. BUFMACK,
SGT. SCHWAB,
SGT. MASSEY,
SGT. GOSS,
LT. LONDON,
OFFICER HARRINGTON,
OFFICER FRAZIER,
OFFICER MALDONADO,
HSA ANDERSON,
MRS. GARCIA, and
JOHN DOES 1-8 RESPECTIVELY,

    Defendants.

## ORDER

This matter is before the Court on the Recommendation of United States Magistrate Judge [Docket No. 104]. The Recommendation addresses the Colorado Department of Corrections, Mrs. Bufmack, Sgt. Schwab, Sgt. Massey, Sgt. Goss, Lt. London, Officer Harrington, Officer Frazier, HSA Anderson, and Mrs. Garcia (collectively, "CDOC defendants") Motion to Dismiss [Docket No. 36], Officer Maldonado's Motion to Dismiss [Docket No. 78], Correctional Health Partners LLC's

Motion to Dismiss [Docket No. 85], and Jackson & Coker Medical Group, LLC's Motion to Dismiss [Docket No. 88]. Plaintiff filed objections on June 24, 2020. Docket No. 109. The Court has jurisdiction pursuant to 28 U.S.C. § 1331.

## I. BACKGROUND[1]

Plaintiff is an inmate who, at the time relevant to this dispute, was incarcerated at the Colorado Territorial Correctional Facility ("Territorial"). Docket No. 6 at 7, ¶ 9. Plaintiff suffers from insulin resistant Type-II diabetes and Territorial is one of the Colorado Department of Corrections ("CDOC") facilities with the ability to manage plaintiff's diabetes. *Id.*, ¶ 10. Plaintiff was transferred to Territorial in 2018 and, since then, he has declared 20-30 medical emergencies. *Id.*, ¶ 13. Plaintiff was hospitalized twice within one year for heart attacks related to his diabetes. *Id.* at 5-6, ¶¶ 1-2. During his initial medical screening, plaintiff was given a "red card," which designates him as a "person with a disability who has a standing restriction," and limits plaintiff to an hour of standing with ten-minute breaks. *Id.* at 7, ¶ 12.

Medical staff has consistently considered plaintiff's issues to be blood sugar related and increase his insulin "without further evaluation." *Id.*, ¶ 15. As a result, he has been given an "excessive amount of insulin" along with other medications for his insulin-resistant diabetes, although Territorial refuses to provide a "dense form of insulin" that is needed to manage his diabetes. *Id.* at 7-9, 13-15, 21, 28-30, ¶¶ 15-16, 22-23, 47, 54, 94, 141-44, 147. This has caused hypertension, weight gain, and high

---

[1] The Court assumes that the allegations in plaintiff's amended complaint are true in considering the motion to dismiss. *Brown v. Montoya*, 662 F.3d 1152, 1162 (10th Cir. 2011).

blood sugar. *Id.* at 8, ¶¶ 17-21.

In addition to mismanaging his diabetes, plaintiff alleges that defendants are generally indifferent to his disabilities, have assigned him to work in the kitchen, have revoked privileges and terminated him from his GED course for attending medical appointments, have refused his attempts to declare medical emergencies, and have refused to provide him a diabetic diet. *Id.* at 9-15, 17-18, 20-21, 29-30, ¶¶ 24-60, 69-76, 88-95, 145-47.

Plaintiff filed his complaint on April 29, 2019. Docket No. 1. In his amended complaint, plaintiff makes claims based on (1) the Americans with Disabilities Act ("ADA"), the Rehabilitation Act ("RA"), the Civil Rights for Institutionalized Persons Act ("CRIPA"), the Colorado Montez Act, the due process clauses of the United States and Colorado Constitutions, the Eighth Amendment of the United States Constitution, state law violations of negligence, malpractice, intentional infliction of emotional distress, and state liability under respondeat superior,[2] (2) failure to accommodate under the ADA, RA, CRIPA, the Colorado Montez Act, and article II, section 25 of the Colorado Constitution, (3) deliberate indifference under the Eighth and Fourteenth Amendments of the United States Constitution, (4) negligence and malpractice, (5) intentional infliction of emotional distress, and (6) respondeat superior. *See generally* Docket No. 6.

On September 13, 2019, the CDOC defendants filed a motion to dismiss,

---

[2] Out of caution, the magistrate judge treated this as one claim, although it is unclear whether it is a summation of plaintiff's various claims or an independent claim for relief. Docket No. 104 at 5 n.1. The Court does the same.

3

arguing that plaintiff failed to exhaust administrative remedies and that they were immune from suit under the Eleventh Amendment.  *See* Docket No. 36.  On January 14, 2020, Officer Maldonado filed a motion to dismiss, also arguing that plaintiff failed to exhaust administrative remedies and that he was immune from suit under the Eleventh Amendment.  Docket No. 78.  On January 27, 2020, Correctional Health Partners filed a motion to dismiss, arguing that plaintiff failed to plead any plausible claim against it.  Docket No. 85.  On February 11, 2020, Jackson & Coker Medical Group filed a motion to dismiss, arguing that plaintiff failed to plead a plausible claim against it.  Docket No. 88.  On April 6, 2020, the magistrate judge gave notice to the parties of her intent to convert the CDOC and Maldonado motions to dismiss to motions for summary judgment and provided plaintiff an opportunity to update the record.  Docket No. 92.

Magistrate Judge Wang issued a recommendation on the four motions on June 4, 2020.  Docket No. 104.  After granting plaintiff's motion for an extension of time to file his objections, Docket No. 108, plaintiff filed objections on June 24, 2020.  Docket No. 109.

## II.  LEGAL STANDARD

The Court must "determine de novo any part of the magistrate judge's disposition that has been properly objected to."  Fed. R. Civ. P. 72(b)(3).  An objection is "proper" if it is both timely and specific.  *United States v. One Parcel of Real Prop. Known as 2121 E. 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996).  A specific objection "enables the district judge to focus attention on those issues – factual and legal – that are at the heart of the parties' dispute."  *Id.*

In the absence of an objection, the district court may review a magistrate judge's recommendation under any standard it deems appropriate. *See Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991); *see also Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."). The Court therefore reviews the non-objected to portions of the recommendation to confirm that there is "no clear error on the face of the record." Fed. R. Civ. P. 72(b), Advisory Committee Notes. This standard of review is something less than a "clearly erroneous or contrary to law" standard of review, Fed. R. Civ. P. 72(a), which in turn is less than a de novo review. Fed. R. Civ. P. 72(b). Because plaintiff is proceeding pro se, the Court will construe his objections and pleadings liberally without serving as his advocate. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

To survive a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a complaint must allege enough factual matter that, taken as true, makes the plaintiff's "claim to relief . . . plausible on its face." *Khalik v. United Air Lines*, 671 F.3d 1188, 1190 (10th Cir. 2012) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "The 'plausibility' standard requires that relief must plausibly follow from the facts alleged, not that the facts themselves be plausible." *RE/MAX, LLC v. Quicken Loans Inc.*, 295 F. Supp. 3d 1163, 1168 (D. Colo. 2018) (citing *Bryson v. Gonzales*, 534 F.3d 1282, 1286 (10th Cir. 2008)). Generally, "[s]pecific facts are not necessary; the statement need only 'give the defendant fair notice of what the claim is and the grounds

5

upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (quoting *Twombly*, 550 U.S. at 555) (alterations omitted). However, a plaintiff still must provide "supporting factual averments" with his allegations. *Cory v. Allstate Insurance*, 584 F.3d 1240, 1244 (10th Cir. 2009) ("[C]onclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based." (citation omitted)); *see also Moffet v. Halliburton Energy Servs., Inc.*, 291 F.3d 1227, 1231 (10th Cir. 2002) (stating that a court "need not accept [] conclusory allegations"). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not shown – that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (quotations and alterations omitted); *see also Khalik*, 671 F.3d at 1190 ("A plaintiff must nudge [his] claims across the line from conceivable to plausible in order to survive a motion to dismiss." (quoting *Twombly*, 550 U.S. at 570)). If a complaint's allegations are "so general that they encompass a wide swath of conduct, much of it innocent," then plaintiff has not stated a plausible claim. *Khalik*, 671 F.3d at 1191 (quotations omitted). Thus, even though modern rules of pleading are somewhat forgiving, "a complaint still must contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." *Bryson*, 534 F.3d at 1286 (alterations omitted).

Summary judgment is warranted under Federal Rule of Civil Procedure 56 when the "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see Anderson*

*v. Liberty Lobby, Inc*., 477 U.S. 242, 248-50 (1986).  A disputed fact is "material" if, under the relevant substantive law, it is essential to proper disposition of the claim.  *Wright v. Abbott Labs., Inc*., 259 F.3d 1226, 1231-32 (10th Cir. 2001).  Only disputes over material facts can create a genuine issue for trial and preclude summary judgment*.  Faustin v. City & Cty. of Denver*, 423 F.3d 1192, 1198 (10th Cir. 2005).  An issue is "genuine" if the evidence is such that it might lead a reasonable jury to return a verdict for the nonmoving party.  *Allen v. Muskogee*, 119 F.3d 837, 839 (10th Cir. 1997).

Where "the moving party does not bear the ultimate burden of persuasion at trial, it may satisfy its burden at the summary judgment stage by identifying a lack of evidence for the nonmovant on an essential element of the nonmovant's claim."  *Bausman v. Interstate Brands Corp.*, 252 F.3d 1111, 1115 (10th Cir. 2001) (quotations omitted).  "Once the moving party meets this burden, the burden shifts to the nonmoving party to demonstrate a genuine issue for trial on a material matter."  *Concrete Works of Colo., Inc. v. City & Cty. of Denver*, 36 F.3d 1513, 1518 (10th Cir. 1994).  The nonmoving party may not rest solely on the allegations in the pleadings, but instead must designate "specific facts showing that there is a genuine issue for trial."  *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986) (quotations omitted).  "To avoid summary judgment, the nonmovant must establish, at a minimum, an inference of the presence of each element essential to the case."  *Bausman*, 252 F.3d at 1115.  When reviewing a motion for summary judgment, a court must view the evidence in the light most favorable to the non-moving party.  *Id.*  "[W]hen a district court relies on

material from outside the pleadings, the court converts the motion to dismiss into a motion for summary judgment." *Price v. Philpot*, 420 F.3d 1158, 1167 (10th Cir. 2005) (citing *Lamb v. Rizzo*, 391 F.3d 1133, 1136 (10th Cir. 2004)). If a motion to dismiss is converted, a court should "provide the parties with notice so that all factual allegations may be met with countervailing evidence." *Id.* (quoting *Burnham v. Humphrey Hosp. Reit Trust, Inc.*, 403 F.3d 709, 713 (10th Cir. 2005)).

## III. ANALYSIS

### A. Claims against Correctional Healthcare Partners and Jackson & Coker

Plaintiff has not objected to that portion of the magistrate judge's recommendation that plaintiff has failed to state a claim under the ADA, the RA, the Fourteenth Amendment, or the Eighth Amendment against Correctional Healthcare Partners and Jackson & Coker Medical Group. The Court has reviewed the non-objected portions of the recommendation to satisfy itself that there is "no clear error on the face of the record." Fed. R. Civ. P. 72(b), Advisory Committee Notes. Based on this review, the Court has concluded that this portion of the recommendation is a correct application of the facts and the law.

### B. Eleventh Amendment and the RA

No party has objected to that portion of the magistrate judge's recommendation that the Eleventh Amendment does not bar a suit for monetary damages under the RA against the individual defendants in their individual capacities or their official capacities. The Court has reviewed the non-objected portions of the recommendation to satisfy itself that there is "no clear error on the face of the record."

Fed. R. Civ. P. 72(b), Advisory Committee Notes.  Based on this review, the Court has concluded that this portion of the recommendation is a correct application of the facts and the law.

### C. Eleventh Amendment and the ADA, and Remaining RA Claim

Magistrate Judge Wang recommends that plaintiff's claims against the individual defendants in their official capacities under the ADA be dismissed due to Eleventh Amendment immunity.  Docket No. 104 at 18.  Specifically, the magistrate judge concluded that (1) RA does not apply to prison employment, (2) the ADA does not apply to prison employment unless there is an actual violation of the Fourteenth Amendment, and (3) plaintiff has failed to allege conduct that demonstrates an actual violation of the Fourteenth Amendment.[3]  *Id.* at 16-18.

Plaintiff makes two objections.  *See* Docket No. 109 at 7-8.  First, plaintiff argues that, while the ADA and RA do not apply to prison employment when inmates are precluded from participating in jobs, they do apply when inmates are required to participate in work assignments.  *Id.* at 7.  Second, plaintiff argues that it was inappropriate to apply the Eighth Amendment framework in analyzing his Fourteenth Amendment claim.  *Id.* at 8.

As to plaintiff's first objection, the Court agrees with the magistrate judge that the

---

[3] Plaintiff does not object to the magistrate judge's conclusion that the Eleventh Amendment does not bar a claim under the ADA unless there is an actual violation of the Fourteenth Amendment.  After review, the Court finds that there is "no clear error on the face of the record." Fed. R. Civ. P. 72(b), Advisory Committee Notes, as to the magistrate judge's conclusion on this point.  The Court concludes that this portion of the recommendation is a correct application of the facts and the law.

RA and the ADA, generally, do not apply to prison employment. Plaintiff is correct that the cases that the magistrate judge cited do not involve situations where an inmate is required to work in a particular job rather than being barred from participating. *See* Docket No. 109 at 7. However, the Tenth Circuit does not differentiate between these types of situations. Rather, the Tenth Circuit has explicitly held that the ADA and the RA do not apply to prison employment. *See Marshall v. Wyo. Dep't of* Corrections, 592 F. App'x 713, 716-17 (10th Cir. 2014) (unpublished) ("[T]he ADA and RA do not apply to prison employment."); *White v. Colorado*, 82 F.3d 364, 367 (10th Cir. 1996) ("The Rehabilitation Act . . . does not apply to issues of prison employment . . . [and] the ADA does not apply to prison employment situations either." (citations omitted)). *Williams v. Meese*, 926 F.2d 994, 997 (10th Cir. 1991), which *White* relied on, reasoned that there is no employment relationship between an inmate and the prison. *Id.* Because there is no employment relationship, it does not matter if the prison is requiring an inmate to work or prohibiting an inmate from working. Regardless of the situation, there is no employment relationship and, thus, there cannot be RA claim against a prison, or an ADA claim unless there is an actual violation of the Fourteenth Amendment.

Regarding plaintiff's second objection, plaintiff misunderstands the magistrate judge's analysis. Although the magistrate judge concluded that plaintiff's allegations "are more appropriately analyzed under the Eighth Amendment," the magistrate judge still proceeded to analyze plaintiff's allegations under the Fourteenth Amendment, both the Due Process Clause and the Equal Protection Clause. Docket No. 104 at 17. Regarding due process, Magistrate Judge Wang compared plaintiff's allegations to

those in *United States v. Georgia*, 546 U.S. 151, 155 (2006), and found that plaintiff's allegations did not rise to the level required to show a due process violation. *Id.* In *Georgia*, a wheelchair bound inmate alleged that he was "confined for 23-to-24 hours per day [in a cell] . . . [where] he could not turn his wheelchair around . . .[,] [was] unable to use the toilet and shower without assistance, which was often denied, [and] had been forced to sit in his own feces and urine while prison officials refused to assist him in cleaning up the waste." *Id.* The magistrate judge found that plaintiff's allegations did not "rise to the level" of those in *Georgia*. Docket No. 104 at 17. Plaintiff does not object to this conclusion, and the Court finds no error. The inmate in *Georgia* was given no accommodations in nearly all facets of prison life whereas plaintiff's allegations as they relate to the Fourteenth Amendment primarily rely on defendants' continued requirement that he work in the kitchen.

As to the magistrate judge's equal protection analysis, plaintiff objects that "it is not rational to put someone's health in jeopardy who has a documented serious medical condition, when the same [d]efendants rationally excluded other offenders with similar conditions from assignments that would not put them in danger." Docket No. 109 at 8. The magistrate judge did not, however, conclude that defendants' actions were rational. Rather, the magistrate judge found that plaintiff had failed to allege any facts to suggest that the actions were not rational. Docket No. 104 at 17-18. Plaintiff alleged that "[o]ther inmates with diabetes or who have standing restrictions are not required to work in the kitchen. This disparate treatment has a discriminatory effect on me." Docket No. 6 at 9, ¶ 27.

11

The Court agrees that this conclusory statement is insufficient to state a claim for violation of the Equal Protection clause.  To establish an equal protection violation, plaintiff "must allege facts that [defendants] treated him differently than other similarly situated prisoners.  Individuals are 'similarly situated' only if they are alike 'in all relevant respects.'" *Requena v. Roberts*, 893 F.3d 1195, 1210 (10th Cir. 2018) (citations omitted).  In *Requena*, the plaintiff alleged that he was consistently denied "assistance" that his "black and white friends" had received. *Id.* at 1209-10.  The Tenth Circuit found these allegations to be vague and conclusory. *Id.* at 1210.  Plaintiff's allegation fares no better; he only alleges that "[o]ther inmates with diabetes or who have standing restrictions are not required to work in the kitchen," Docket No. 6 at 9, ¶ 27, but fails to allege any further details or that these "other inmates" are similar "in all relevant respects." *Requena*, 893 F.3d at 1210 (citation omitted).  As a result, the Court agrees that plaintiff has failed to state a claim for a violation of the Equal Protection Clause and his objection is overruled.

### D.  Exhaustion of Administrative Remedies

Magistrate Judge Wang recommends that the Colorado Department of Corrections and Officer Maldonado's motions to dismiss be converted to motions for summary judgment.  Docket No. 104 at 18.  No party has objected such conversion. After review, the Court finds that there is "no clear error on the face of the record." Fed. R. Civ. P. 72(b), Advisory Committee Notes.  The Court concludes that this portion of the recommendation is a correct application of the facts and the law.  After converting the motion, the magistrate judge concluded, based on the undisputed facts,

12

that plaintiff failed to exhaust administrative remedies because he only filed a Step 1 grievance and there was no basis for finding that the grievance process was unavailable to plaintiff. Docket No. 104 at 24-27.

Plaintiff objects to the magistrate judge's conclusion that the grievance process was available to him because there are no "adequate remedies for a person being refused care who was having a heart attack."[4] Docket No. 109 at 10.

The Prison Litigation Reform Act ("PLRA") states that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The Supreme Court has described the PLRA as a "mandatory exhaustion" statute and has "reject[ed] every attempt to deviate . . . from its textual mandate." *See Ross v. Blake*, 136 S. Ct. 1850, 1857 (2016). "Because the prison's procedural requirements define the steps necessary for exhaustion, an inmate may only exhaust by properly following all of the steps laid out in the prison system's grievance procedure." *Little v. Jones*, 607 F.3d 1245, 1249 (2010). The only "textual exception to mandatory exhaustion" in the PLRA is the lack of available of administrative remedies. *Ross*, 136

---

[4] Plaintiff does not object to the magistrate judge's conclusion that (1) seeking monetary damages does not render the administrative grievance process unavailable, (2) plaintiff was aware of the grievance procedure and, even if he was not, it is not an excuse for failing to comply with the grievance process, and (3) plaintiff's allegation that his case manager failed to provide plaintiff with the proper grievance forms was conclusory. Docket No. 104 at 24-27. After review, the Court finds that there is "no clear error on the face of the record." Fed. R. Civ. P. 72(b), Advisory Committee Notes, as to the magistrate judge's conclusion on this point. The Court concludes that this portion of the recommendation is a correct application of the facts and the law.

S. Ct. at 1858. The Supreme Court has noted three types of administrative remedies that, "although officially on the books, [are] not capable of use to obtain relief." *Id.* at 1859. First, "an administrative procedure is unavailable when . . . it operates as a simple dead end – with officers unable or consistently unwilling to provide any relief to aggrieved inmates." *Id.* Second, "an administrative scheme might be so opaque that it becomes, practically speaking, incapable of use." *Id.* Third, a remedy can become unavailable when "prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation." *Id.* at 1860.

Here, the undisputed evidence relevant to plaintiff's objections demonstrates the following. First, the CDOC has a four-step grievance process pursuant to Administrative Regulation 850-04. Docket No. 37 at 2-3, ¶¶ 4, 10-11. After an informal first step, AR 850-04 requires a formal three-step process. *Id.* at 2, ¶¶ 5-6. An inmate is required to file a Step 1 grievance and, if the response to the Step 1 grievance does not resolve an inmate's complaint, he or she is required to file a Step 2 grievance. *Id.*, ¶ 7-8. If the issue is not resolved at Step 2, an inmate must file a Step 3 grievance. *Id.*, ¶ 8. Once an inmate receives a response to the Step 3 grievance, he or she has exhausted administrative remedies. *Id.*, ¶ 9. If any of these steps are not completed, or the grievance is denied for procedural reasons, an inmate will not have exhausted administrative remedies. *Id.* at 3, ¶¶ 13-16.

Second, plaintiff filed a Step 1 grievance regarding the Officer Goss's response to plaintiff declaring a medical emergency on February 4, 2019. *Id.* at 4, ¶ 20; Docket

No. 66-1 at 1. The Step 1 grievance was denied because plaintiff filed it more than thirty days after the incident. Docket No. 37 at 4, ¶ 20; Docket No. 66-1 at 1. After his Step 1 grievance was denied, plaintiff did not file a Step 2 grievance. Docket No. 37 at 4, ¶ 21. Plaintiff filed no other grievances that are relevant to the allegations in the complaint. *Id.* at 5, ¶¶ 22-25.

Plaintiff argues that the administrative remedies were unavailable because he cannot grieve a medical emergency as it occurs. Docket No. 109 at 10. However, that is neither what the PLRA requires nor what the magistrate judge concluded. Rather, plaintiff alleges that when he was refused medical treatment on February 4, 2019, his constitutional rights were violated. *See, e.g.*, Docket No. 6 at 12, 18, ¶¶ 41, 75. As a prerequisite to filing suit, the PLRA mandates that an inmate utilize the administrative process to grieve the alleged violation, here, the refusal to provide medical treatment. *See Little*, 607 F.3d at 1249 ("Because the prison's procedural requirements define the steps necessary for exhaustion, an inmate may only exhaust by properly following all of the steps laid out in the prison system's grievance procedure."). Thus, plaintiff was not required to file an emergency grievance during the medical emergency. Rather, once plaintiff was refused medical treatment, the PLRA requires plaintiff to redress that refusal through the grievance process. The magistrate judge concluded as much, finding that, "[b]efore [p]laintiff can file suit as to this alleged constitutional violation," plaintiff was required to file "Step 1, 2, and 3 grievances as to this specific conduct." Docket No. 104 at 25. Here, the undisputed evidence shows that plaintiff only filed a Step 1 grievance as to any incident relevant to the allegations in the complaint. Docket

15

No. 37 at 4-5, ¶¶ 21-25.  As a result, plaintiff has failed to exhaust his administrative remedies as to his claims under the Fourteenth Amendment, the Eighth Amendment, CRIPA, the Montez Act, and any possible remaining claim under the RA or the ADA.

### E.  State Law Claims

Plaintiff has not objected to that portion of the magistrate judge's recommendation that the Court should decline to exercise supplemental jurisdiction over plaintiff's state law claims.  The Court has reviewed the non-objected portions of the recommendation to satisfy itself that there is "no clear error on the face of the record."  Fed. R. Civ. P. 72(b), Advisory Committee Notes.  Based on this review, the Court has concluded that this portion of the recommendation is a correct application of the facts and the law, and the Court declines to exercise supplemental jurisdiction over plaintiff's state law claims.

### F.  Does 1-8

The magistrate judge found that plaintiff failed to serve or identify Does 1-8, concluded that dismissal of these unidentified defendants was appropriate for lack of service, and gave plaintiff until June 26, 2020 to show cause as to why Does 1-8 should not be dismissed.  Docket No. 104 at 37.  Plaintiff has not shown cause or otherwise objected to the magistrate judge's recommendation.  The Court has reviewed the non-objected portions of the recommendation to satisfy itself that there is "no clear error on the face of the record."  Fed. R. Civ. P. 72(b), Advisory Committee Notes.  Based on this review, the Court has concluded that this portion of the recommendation is a correct application of the facts and the law.

## IV. CONCLUSION

It is therefore

**ORDERED** that the Recommendation of United States Magistrate Judge [Docket No. 104] is accepted. It is further

**ORDERED** that the Colorado Department of Corrections defendants' Motion to Dismiss [Docket No. 36] is converted to a motion for summary judgment as to the issue of exhaustion and is **GRANTED**. It is further

**ORDERED** that all claims against the Colorado Department of Corrections, Mrs. Bufmack, Sgt. Schwab, Sgt. Massey, Sgt. Goss, Lt. London, Officer Harrington, Officer Frazier, HSA Anderson, and Mrs. Garcia are **DISMISSED** without prejudice.

**ORDERED** that Officer Maldonado's Motion to Dismiss [Docket No. 78] is converted to a motion for summary judgment as to the issue of exhaustion and is **GRANTED**. It is further

**ORDERED** that all claims against Officer Maldonado are **DISMISSED** without prejudice. It is further

**ORDERED** that Correctional Health Partner LLC's Motion to Dismiss [Docket No. 85] is **GRANTED**. It is further

**ORDERED** that all claims against Correctional Health Partners LLC are **DISMISSED** without prejudice. It is further

**ORDERED** that Jackson & Coker Medical Group, LLC's Motion to Dismiss [Docket No. 88] is **GRANTED**. It is further

**ORDERED** that all claims against Jackson & Coker Medical Group, LLC are **DISMISSED** without prejudice. It is further

**ORDERED** that all claims against Does 1-8 are **DISMISSED** without prejudice. It is further

**ORDERED** that this case is closed.

DATED September 14, 2020.

                                                    BY THE COURT:

                                                    PHILIP A. BRIMMER
                                                    Chief United States District Judge